O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

Not Present                                                          Not Present

**Proceedings:**   **(In Chambers) Order GRANTING in part and DENYING in part Defendants' motions to dismiss**

Before the Court are Defendants' motions to dismiss Plaintiffs' First Amended Complaint. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS in part and DENIES in part Defendants' motions.

I.    Background

On November 3, 2010, Plaintiffs Adriana and Jaime Madrigal ("Adriana" and "Jaime," respectively), along with their three minor children (collectively, "Plaintiffs") filed a First Amendment Complaint ("FAC") in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiffs' eighteen-count FAC alleges that Defendants City of Santa Maria, County of Santa Barbara, two Santa Maria Police Officers (Officers Gowing and Totorica), two Santa Barbara County Probation Officers (Officers Armando Mendoza and Jeremiah Gerue) (together, "Arresting Officers"), and Santa Maria Police Chief Danny Macagni ("Macagni") (collectively, "Defendants") committed multiple violations of state and constitutional law.[1]

---

[1] The Court will also refer to Defendants County of Santa Barbara, Probation Officer Mendoza, and Probation Officer Gerue as "County Defendants." Likewise, Defendants City of Santa Maria, Police Chief Macagni, and Officers Gowing and Totorica will be referred to as "City Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#23/24

CIVIL MINUTES - GENERAL

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

      This action arises out of Plaintiffs' April 26, 2009 encounter with law enforcement officers at the Santa Maria Valley Strawberry Festival, where Plaintiffs had spent the day.[2] Towards the end of the day, Jaime and Adriana decided to purchase funnel cakes. *FAC* ¶ 29. They left their three children on a carnival ride with instructions regarding where to meet them later, and walked towards the funnel cake booth. *Id.* While in line, Jaime was abruptly grabbed from behind by Officer Gowing, who asserted that he had lost his balance and "was going to bump into [Jaime]." *FAC* ¶¶ 29-31. When Jaime allegedly told Gowing that "[Gowing] didn't have to grab [him] like that; [Gowing] could have just gone around," *FAC* ¶ 32, Gowing retorted that Jaime resembled a gang member with his shaved head and purple Lakers jersey. *FAC* ¶¶ 34-35. (As Plaintiffs were subsequently informed, the Santa Maria Police Department was allegedly monitoring the Strawberry Festival for gang-related activity after receiving a tip that a local Santa Maria gang called "West Park" was going to bring weapons onto the fairgrounds. *FAC* ¶ 56.)

      Plaintiffs assert that when Gowing grabbed Jaime's arm "forcefully," Jaime pulled free and said that he would leave the fairgrounds on his own accord. *FAC* ¶ 35. Gowing, however, allegedly ignored Jaime's statement, and instead grabbed his arm again. Then, according to the FAC, Gowing and Officer Totorica (who had just arrived on the scene) allegedly handcuffed Jaime in a "double wrist lock," twisted his neck, and dragged him through the crowd by his arms. *FAC* ¶ 36.

      Upon witnessing this scene, Adriana allegedly began to shout at the officers taking Jaime into custody. *FAC* ¶ 37. The FAC asserts that, in response, Probation Officer Mendoza, along with other unidentified officers, shouted back obscenities and insults at her, indicating that she should shut up. *Id.* When Adriana made her way towards Officers Gowing and Totorica, Probation Officers Mendoza and Gerue "seized [her] in a violent and aggressive manner, twisting her arms roughly behind her, and then pushing down violently on her neck and shoulders, severely injuring her back." *FAC* ¶¶ 37-38.

      Plaintiffs further allege that when Adriana begged the officers not to leave her children alone at the fairgrounds while she and Jaime were taken into custody, the officers laughed at her and ignored her pleas. *FAC* ¶ 40. Similarly, they allege that the officers initially refused to let

---

[2] The factual allegations set forth in this Section are taken from the First Amended Complaint and, for purposes of this motion, presumed to be true.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

Plaintiffs make a phone call to arrange for care for their children. Thus, the three young Madrigal children were left alone for hours at the fairgrounds before a family member was able to retrieve them. *FAC* ¶¶ 42, 45. Jaime was subsequently arrested and charged with a misdemeanor violation of Cal. Penal Code § 148; Adriana was charged with a felony violation of Cal. Penal Code § 69.[3] Plaintiffs further allege that, during their arrests, all of the officers present battered and/or verbally abused them, calling them "cholos" and accusing them of being under the influence of drugs. *FAC* ¶¶ 39, 58. All five Plaintiffs allegedly suffered emotional damages as a result of the incident; Jaime and Adriana allege that they endured physical damage as well. *FAC* ¶¶ 50-52. In particular, Adriana alleges she sustained injuries to her lumbar spine during the arrest, and was not given any medical attention during the night she spent in jail. *Id.* She claims that as a result of these injuries, she has been unable to work. *Id.*

On June 22, 2010, Plaintiffs filed suit against Defendant, alleging eighteen separate causes of action. *See* Dkt. # 4 (June 22, 2010); Dkt. # 22 (Nov. 3, 2010). Specifically, Plaintiffs' federal claims include eight causes of action under 42 U.S.C. § 1983 for violations of Plaintiffs' First, Fourth, and Fourteenth Amendment rights; one claim for Conspiracy to Interfere with Civil Rights in violation of 42 U.S.C. § 1985; and one claim for "Neglect to Prevent" under 42 U.S.C. § 1986. Plaintiffs further assert eight state law claims for: false arrest; violations of the Unruh, Ralph, and Bane Civil Rights Acts; negligence per se; battery; intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED"). On November 10 and November 22, 2010, County and City Defendants separately moved to dismiss twelve causes of action for failure to state claims upon which relief can be granted.[4]

II.     Legal Standard

---

[3] The District Attorney for Santa Barbara County, however, declined to prosecute either offense. *FAC* ¶ 53.

[4] Defendants leave the following six causes of action unchallenged: (1) Plaintiffs' free speech claim under § 1983 (first cause of action); (2) Plaintiffs' unlawful seizure and detention claim under § 1983 (second cause of action); (3) Plaintiffs' unlawful arrest/imprisonment claim under § 1983 (third cause of action); (4) Plaintiffs' excessive force claim under § 1983 (fourth cause of action); (5) Plaintiffs' claim for conspiracy to interfere with civil rights under § 1985 (ninth cause of action); and (6) Plaintiffs' claim for "neglect to prevent" under § 1986 (tenth cause of action).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Ashcroft*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

III.   Discussion

Although City and County Defendants filed separate motions to dismiss, they both seek to dismiss certain claims, namely: Plaintiffs' sixth cause of action for unconstitutional failure to train/supervise; seventh cause of action for unconstitutional custom, policy or practice; and eighth cause of action with respect to the alleged violations of due process rights to "bodily integrity and security" and access to courts. In addition, City Defendants moved to dismiss Plaintiffs' fifth cause of action for supervisory liability and Plaintiffs' twelfth and thirteenth causes of action for violation of state civil rights laws on grounds that Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). County Defendants independently seek dismissal of Plaintiffs' state law claims (causes of action eleven through eighteen) on grounds that Plaintiffs failed to comply with state tort claim filing requirements. The Court, in

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

proceeding, will evaluate Defendants' arguments in the order in which the claims are presented in the FAC.

A. <u>Supervisory Liability (Fifth Cause of Action)</u>

Plaintiffs claim that Santa Maria Police Chief Macagni is liable in his supervisory capacity under *Larez v. City of Los Angeles,* 946 F.2d 630 (9th Cir. 1991), and its progeny. *FAC ¶¶ 103-107.* In moving to dismiss this cause of action, City Defendants argue that Plaintiff fails to adequately plead a supervisory liability theory under Section 1983. As explained below, the Court agrees.

Although it is well-established that officials are generally not liable for actions of their subordinates on any theory of vicarious liability under § 1983, *see Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (internal citation omitted), a supervisor such as Chief Macagni can be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation[;] or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal citation omitted). Accordingly, to survive Defendants' motion to dismiss, Plaintiffs must allege that Chief Macagni "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Id.* (internal citation omitted); *see also Larez,* 946 F.2d at 646 (concluding that jury could have found LAPD Chief Gates "condoned, ratified, and encouraged excessive use of force" among the officers he supervised, and thereby caused violations of Larez's constitutional rights where an expert had testified that, based on a two-year comparative study he had conducted, Los Angeles police officers almost never received discipline as a result of citizens' complaints).

Here, Plaintiffs allege nothing beyond conclusory assertions that "Defendants condoned, ratified, encouraged, ordered, and/or acquiesced in their subordinates First Amendment and Fourth Amendment violations." *FAC* ¶ 104. Plaintiffs allege that all four officers have a "previous history of using unreasonable force," *FAC* ¶¶ 15-18; however, they fail to allege any facts suggesting that Chief Macagni knew about the violent conduct and failed to prevent it. Importantly, nowhere in the FAC do Plaintiffs allege that Chief Macagni "set in motion" the course of action which ultimately resulted in the alleged constitutional violations. Thus, because

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

the FAC's vague allegations against Chief Macagni do not plead the requisite causal connection to state a claim against Chief Macagni on a theory of supervisory liability, the Court finds that Plaintiffs' fifth cause of action should be DISMISSED with leave to amend. *See Ivey v. Board of Regents Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *Harbridge v. Schwarzenegger*, No. CV 07-4486-GW, 2010 WL 2889522, *15-16 (C.D. Cal., Feb. 9, 2010) (granting motion to dismiss where pleadings failed to allege individual conduct that was causally connected to a deprivation of plaintiff's constitutional rights).

> B. Municipality Liability under *Monell* (Sixth and Seventh Causes of Action)

Next, City and County Defendants argue that Plaintiffs' sixths and seventh causes of action for municipality liability under § 1983 fail to allege facts sufficient to state plausible claims for relief. The Court, however, disagrees. It is well settled that a local government entity may not be held liable on a § 1983 claim solely because it employs a tortfeasor. *See Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *see also Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior.*"). Rather, for a governmental entity to be liable, the tortfeasor must be an employee "acting in accordance with official policies, including unwritten customs." *Shah v. County of Los Angeles,* 797 F.2d 743, 746 (9th Cir. 1986) (citations omitted).

Municipal liability under § 1983 can also be grounded on a deliberate choice not to adequately train employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197 (1989). However, inadequate police training may only serve as basis for § 1983 municipal liability where the failure to train amounts to deliberate indifference to rights of persons with whom police come into contact. *Id.* at 388-89. To survive a motion to dismiss, a civil rights plaintiff alleging *Monell* liability based on deliberate inaction must allege that: (1) he/she was deprived of a constitutional right; (2) the local government entity had a training policy that amounts to deliberate indifference to constitutional rights of persons with whom its peace officers are likely to come into contact; and (3) his/her constitutional injury would have been avoided had the local government unit properly trained those officers. *See Lanier v. City of Fresno*, 2010 WL 5113799, *11-12 (E. D. Cal., 2010). Here, the FAC alleges that Defendants made a conscious choice not to properly train its law enforcement officers, *FAC* ¶ 113, and that

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

the decisions not to train were a proximate cause of Plaintiffs' injuries. *FAC* ¶ 114. Accordingly, Plaintiffs may maintain their sixth cause of action for unconstitutional failure to train under *City of Canton.*

Relatedly, Plaintiffs' seventh claim for relief alleges that Defendants maintained unconstitutional custom, policy or practices of: (1) "retaining police officers who have a history of legitimate complaints of officer misconduct," *FAC* ¶ 116; (2) "conducting sham investigations or no investigations into allegations or complaints of officer misconduct, and of not conducting such investigations in a timely manner," *FAC* ¶ 117; (3) "effecting unnecessarily stringent enforcement measures against Latinos in the community, *FAC* ¶ 118; (4) "condoning the unlawful conduct of its elected officials, including the Chief of Police, and of allowing elected officials to train, facilitate, and condone actions of their subordinate employees which are contrary to state and constitutional law, *FAC* ¶ 119; and (5) "allowing their law enforcement officers to use excessive force and commit police brutality, and to charge their victims with various bogus criminal violations…in an attempt to cover their unlawful activity and prevent civil rights claims against [Defendants City and County]," *FAC* ¶ 120. The Court finds that these allegations, taken in connection with other facts alleged in the FAC, adequately plead a plausible claim for unconstitutional customs or practices under *Monell.*

Accordingly, Defendants' motions to dismiss Plaintiffs' sixth and seventh causes of action for municipal liability under *Monell* are DENIED.

C. <u>Due Process Violations (Eighth Cause of Action)</u>

Next, City and County Defendants argue that portions of Plaintiffs' eighth cause of action are fatally defective. This cause of action, which charges the four officer Defendants with violating Plaintiffs' due process rights under the Fourteenth Amendment, appears to have multiple discrete bases. Defendants challenge two such bases: (1) Plaintiffs' allegations that Defendants "violated [Plaintiffs' due process] right to bodily security and integrity by the unlawful detention, arrest, and use of excessive force," *FAC* ¶ 123; and (2) Plaintiffs' allegations that Defendants "attempted to preclude [Plaintiffs'] right to adequate, effective, and meaningful access to the courts" and "made it more difficult for them to seek legal redress." *FAC* ¶¶ 129-30. As detailed below, the Court agrees with Defendants that Plaintiffs' eighth cause of action is defectively pled and should therefore be DISMISSED with leave to amend.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

1.  *Due Process Claim for Violation of "Bodily Integrity Rights"*

First, Defendants challenge Plaintiffs' due process claim for deprivation of their "bodily security and integrity" rights on grounds that the alleged misconduct is actionable under the Fourth, rather than the Fourteenth, Amendment. *City Mot.* 6:13-7:8. Plaintiffs appear to concede that a claim for unconstitutional use of force is properly brought under the Fourth Amendment; however, they argue that Defendants have mischaracterized their claim. *Opp'n to City Mot.* 17:9-18; *Opp'n to County Mot.* 13:6-15. According to Plaintiffs, the essence of this portion of their due process claim is not the use of force itself, but rather "*the forced separation of the Madrigal parents and children from one another,* which happened to be accomplished, in significant part, by the unconstitutional use of excessive force on the parents and by their unlawful arrest." *Opp'n to City Mot.* 17:21-22; *Opp'n to County Mot.* 13:16-14:5 (emphasis in originals). Given Plaintiffs' concession that the allegations stated FAC ¶¶ 123-24 were not, strictly speaking, meant to assert a claim that Defendants' use of allegedly excessive force violated Plaintiffs' constitutional right to bodily security and integrity, the Court finds that the eighth cause of action should be DISMISSED.[5] Plaintiffs have leave to amend the Complaint in a manner that more clearly and precisely alleges the basis for their eighth cause of action for violation of due process.

2.  *Due Process Claim for Deprivation of Access to Courts*

Similarly, there appears to be confusion regarding Plaintiffs' allegations with respect to their due process claim for deprivation of access to courts. Specifically, the FAC asserts that:

- "PLAINTIFFS allege that DEFENDANTS used legal process for a wrongful purpose. (*FAC* ¶ 128.)

- PLAINTIFFS allege that the DEFENDANTS attempted to preclude their right to adequate, effective, and meaningful access to the courts to complain of civil rights violations by fabricating evidence and providing perjured reports alleging that

---

[5] Although Defendants challenge only "portions" of Plaintiffs' eighth cause of action, the Court finds it makes little sense to dismiss only a portion of the eighth cause of action, since the unchallenged portions also appear be based upon the "forced separation" of the Madrigal children from their parents.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

JAIME MADRIGAL and ADRIANA MADRIGAL indulged in criminal conduct. (*FAC* ¶ 129.)

- DEFENDANTS attempted to conceal or obscure important facts about the arrests of JAIME MADRIGAL and ADRIANA MADRIGAL, making it more difficult for them to seek legal redress. (*FAC* ¶ 130.)

- DEFENDANTS negligently or intentionally concealed COUNTY's responsibility for PLAINTIFFS injuries by not revealing that Defendant Officers MENDOZA and GERUE were not employed by CITY." (*FAC* ¶ 131.)

Defendants characterize these allegations as constituting a claim for denial of access to courts. *City Mot.* 7:11-8:1; *County Mot.* 6:5-26. Plaintiffs dispute this characterization, however, and argue that the true nature of this claim is "that Defendants improperly attempted to 'thwart meaningful access' to the courts by manufacturing false charges and false evidence which would take the teeth out of any civil rights claim [Plaintiffs] might be inclined to bring." *Opp'n to City Mot.* 18:28-19:2; *Opp'n to County Mot.* 14:25-27. Whatever distinction Plaintiffs are attempting to draw here, the Court does not find it meaningful. "Access to courts does not only protect one's right to physically enter the courthouse halls, but also insures that the access to courts will be 'adequate, effective and meaningful.'" *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997) (quoting *Bounds v. Smith,* 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977)).

Further, the Court finds that Plaintiffs' access to courts claim is not ripe for judicial consideration, because the underlying litigation has not concluded and thus Plaintiffs cannot yet show the extent to which they were injured as a result of Defendants' alleged misconduct. *See Morales v. City of Los Angeles,* 214 F.3d 1151, 1154-55 (9th Cir. 2000) (holding that Plaintiff's access to the courts claim "accrued when the alleged police misconduct resulted in judgments being entered against [plaintiffs].''); *Delew v. Wagner,* 143 F.3d 1219, 1222-23 (9th Cir. 1998) (allegations that defendants deprived plaintiffs of their right of access to the courts by "covering up the true facts" of plaintiffs' daughter's death were not ripe for adjudication in federal court because plaintiffs' wrongful death action was still pending in state court); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621 (9th Cir. 1988) (holding that a Section 1983 claim alleging that defendant officers falsified facts and destroyed documentary evidence in an effort to cover up covered up alleged Fourth Amendment violations was unripe because the allegations would

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

be mooted if claimant were to succeed in their Fourth Amendment suit). Accordingly, the allegations relating to this claim, i.e. *FAC* ¶¶ 128-31, are DISMISSED without prejudice, unless and until proceedings are concluded adversely to Plaintiffs.[6]

> D.  State Civil Rights Claims Alleged Against City Defendants (Twelfth and Thirteenth Causes of Action)

Plaintiffs' twelfth and thirteenth claims allege violation of Plaintiffs' civil rights under the Unruh Civil Rights Act, Cal. Civ. Code, § 51 and the Ralph Civil Rights Act, Cal. Civ. Code, § 51.7. The Unruh Act generally "prohibits discrimination in the provision of accommodations and services in all business establishments." *De Walshe v. Togo's Eateries, Inc.,* 567 F. Supp. 2d 1198, 1204 (C.D. Cal., 2008) (*citing Midpeninsula Citizens for Fair Hous. v. Westwood Investors,* 221 Cal.App.3d 1377, 1382, 271 Cal. Rptr. 99(1990)).[7] Its protections are limited to acts of *intentional* discrimination. *See Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1249 (E.D. Cal., 2009). Relatedly, the Ralph Act provides that all persons within California have the right to be free from any violence, or intimidation by threat of violence, committed against the person on account of, *inter alia*, race and national origin. Cal. Civ.Code § 51.7(a). The elements of a claim brought under Section 51.7 are: (1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *See Knapps v. City of Oakland,* 647 F.Supp.2d 1129, 1167 (N.D.Cal., 2009) (*citing Austin B. v. Escondido Union Sch. Dist.,* 149 Cal.App.4th 860, 880-81, 57 Cal.Rptr.3d 454 (2007)).

---

[6] It bears mention that the allegations in the eighth cause of action which comprise Plaintiffs' access to courts claim are based on substantially similar, if not identical, facts as those asserted as the basis for Plaintiffs' ninth cause of action (conspiracy to deny civil rights), which is not subject to this motion to dismiss.

[7] Specifically, the Act provides that:
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

      City Defendants argue that these claims are fatally deficient due to the absence of specific, factual allegations showing that Defendants' acts were motivated by discriminatory intent.[8] The Court, however, disagrees. On numerous occasions, Plaintiffs allege specific facts which support an inference that Defendants were motivated by racial prejudice. For instance, the FAC alleges that that the officers who arrested Adriana Madrigal "assaulted, battered, and/or verbally abused both of the [Madrigals], including by calling them 'cholos'...."[9] *FAC* ¶ 39. The FAC also provides detailed factual allegations regarding Officer Gowing's accusation that Jaime Madrigal resembled a gang member. *FAC* ¶¶ 30-36. Additionally, Plaintiffs allege that the officers' reckless conduct in leaving the Madrigal children alone at the fairground was a "shocking demonstration of anti-Latino bias." *FAC* ¶ 80; *Opp'n to City Mot.* 15:26-27.

      Thus, based on the foregoing, the Court finds that Plaintiffs have met their burden of pleading facts sufficient to state a claim under the Unruh and Ralph Civil Rights Acts. Therefore, the Court DENIES City Defendants' motion to dismiss Plaintiffs' twelfth and thirteenth causes of action for failure to state a claim.

      E.    <u>State Law Claims Alleged Against County Defendants (Eleventh through Eighteenth Causes of Action)</u>

      Lastly, County Defendants argue that Plaintiffs' state law claims (the eleventh through eighteenth causes of action) against the County and Probation Officers Mendoza and Gerue are barred by Plaintiffs' failure to comply with the California Tort Claims Act ("CTCA"). Under California law, in order to state a tort claim against a public entity or public employees, a plaintiff must allege compliance with the presentment of claims requirements of the CTCA. *See*

---

[8] County Defendants' argument that Plaintiffs' twelfth and thirteenth claims should be dismissed based on Plaintiffs' failure to comply with state tort claim filing requirements is addressed in the following sub-Section.

[9] A "cholo" has been defined as "a boy or man who is a member of a Chicano street gang." 1 RANDOM HOUSE HISTORICAL DICT. OF AMERICAN SLANG 412 (1994); *cf. People v. Roldan*, 35 Cal. 4th 646, 721, 27 Cal. Rptr. 3d 360, 420 (2005) (noting with approval the trial court's decision to direct the prosecution to refer to suspects as "suspicious persons" rather than "cholo types" to avoid potential prejudice), *overruled on other grounds as stated in People v. Doolin*, 45 Cal. 4th 390, 421, 87 Cal. Rptr. 3d 209 (2009).

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

Cal. Gov't Code §§ 945.4, 950.2; *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 627 (9th Cir.1988)*; Ocean Servs. Corp. v. Ventura Port Dist.,* 15 Cal.App.4th 1762, 1775, 19 Cal.Rptr.2d 750 (1993) ("Before a civil action may be brought against a public entity, a claim must first be presented to the public entity and rejected."); *Brown v. Yates,* 2008 WL 928119, at *3 (E.D.Cal. Apr.4, 2008) ("Presentation of a written claim and action on, or rejection of, the claim are conditions to suit.").

Claims for personal injury and property damage must be presented within six months after accrual. *See* Cal. Gov't Code § 911.2(a); *City of Stockton v. Superior Court,* 42 Cal.4th 730, 738, 68 Cal.Rptr.3d 295 (2007). "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *Id.* (internal citations omitted). Further, in bringing an action in federal court against public entities, a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. *See Amarkarian v. City of Glendale*, No. CV 08-980-PSG, 2008 WL 4916315, *3 (C.D. Cal., Nov. 14, 2008).

Here, although the FAC alleges that Plaintiffs complied with the CTCA with respect to *City* Defendants, *see FAC* ¶ 2, it also shows that Plaintiffs failed to do so with respect to *County* Defendants. *FAC* ¶¶ 60, 131. County Defendants contend that this failure renders Plaintiffs' state law claims against the County and its employees fatally deficient. In response, Plaintiffs present two main arguments as to why Defendants are mistaken. First, they argue that the County Defendants are estopped from raising a CTCA defense because the City misled Plaintiffs into believing Mendoza and Gerue worked for the City, allegedly in furtherance of a conspiracy between the City and the County to prevent Plaintiffs from filing a timely claim with the County. *Opp'n to County Mot.* 17:3-27. Second, Plaintiffs contend that, "for purposes of the instant lawsuit Mendoza and Gerue were working for the City." *Id.* 18:21-19:18. The Court, however, finds neither argument persuasive.

With respect to Plaintiffs' first argument, the Court disagrees that the County is equitably estopped from raising a CTCA defense. A public entity may be estopped from asserting the defense of noncompliance arises where a plaintiff can establish: (1) the public entity was apprised of the facts; (2) it intended its conduct to be acted upon or must have conducted itself in a fashion the plaintiff had a right to believe it was so intended; (3) plaintiff was ignorant of the true state of facts; and (4) plaintiff relied upon the conduct of the public entity to his/her detriment. *Johnson v. San Diego Unified School Dist*., 217 Cal. App. 3d 692,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#23/24

CIVIL MINUTES - GENERAL

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

700, 266 Cal. Rptr. 187 (1990). In *Johnson*, a personal injury action against a school district, a California appellate court held that the school district was not estopped from asserting the defense of noncompliance with the CTCA's claims-filing requirements by the fact plaintiff had filed the claim with the State Board of Control, which made no effort to inform her it was not the proper agency for service. *Id.* at 697.

      Similarly, in *Williams v. City of Fresno*, No. CV F 07-1386 LJO, 2007 WL 2902973 (E.D. Cal., Oct. 2, 2007), a federal district court found that the plaintiff's service of his state claims form on the State Victim Compensation Board and Government Claims Board did not amount to service on the City or County defendants for purposes of compliance with the CTCA. Reasoning that "[t]he State of California, with whom plaintiff filed his state claims form, is a different public entity than either the City or County[,]" the court held that Plaintiff failed to comply with the CTCA filing requirements, and thus his tort claims against the City and County defendants were barred. *Id.* at *5. Here, Plaintiffs allege that agents of the City – not agents of the County – caused the confusion which resulted in their failure to file a claim with the County. *FAC* ¶ 2. While they contend they have "reason to believe" that the County received notice of the claim through contact with the City or City employees, *Opp'n to County Mot.* 20:1-4, Plaintiffs fail to allege any facts supporting this assertion. Thus, as in *Johnson* and *Williams*, the Court finds that the County is not estopped by the City's failure to inform Plaintiffs that Mendoza and Gerue were employees of the County.

      The Court also rejects Plaintiffs' second argument that because County Defendants Mendoza and Gerue were acting as part of a joint security taskforce, they were effectively City employees for purposes of compliance with the CTCA. Indeed, Plaintiffs' own FAC does not support this position. It does not allege that the City paid, trained, or had any authority to discipline Mendoza or Gerue, as would support an inference that the County Probation Officers were effectively City employees. *Cf. Johnson*, 217 Cal. App. 3d at 699 (although defendant school district was partially supervised by a state agency, filing a claim with that state agency did not satisfy CTCA requirements because the school district was "not a state agency, claims against which are paid by warrants issued by the [state] controller."). To the contrary, the FAC specifically alleges that the Santa Maria Police Chief *lacked* authority to discipline the County Probation Officers for any misconduct. *See FAC* ¶ 70 ("Plaintiffs are informed and believe and thereon allege that Defendant Macagni and Does 6-10 failed to properly discipline the SMPD officers and to *facilitate and/or recommend* discipline for the Probation Officers responsible [for the alleged misconduct].") (emphasis added). Under California law, the fact that an employee of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23/24**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4479 PSG (VBKx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | Adriana Mendez Madrigal, *et al.* v. City of Santa Maria, *et al.* | | |

one public entity performs duties for another public entity does not necessarily render him or her an employee of the second entity. *See Tallmadge v. County of Los Angeles*, 191 Cal. App.3d 251, 255, 236 Cal. Rptr. 338 (1987) (the mere fact the county clerk performed duties for a state court did not make the clerk a state employee).

Thus, for the foregoing reasons, the Court concludes that Plaintiffs are not excused from adhering to the CTCA filing requirements based on their proffered belief that County Probation Officers Mendoza and Gerue were acting as city employees in effectuating Plaintiffs' arrests.[10] Accordingly, Plaintiffs' state law claims (the eleventh through eighteenth causes of action) are DISMISSED against County Defendants with leave to amend.

IV.     Conclusion

Thus, based on the foregoing, Defendants' motions are: (1) GRANTED with respect to Plaintiffs' fifth cause of action for supervisory liability; (2) DENIED with respect to Plaintiffs' sixth and seventh causes of action for municipal liability under *Monell* and *City of Canton*; (3) GRANTED with respect to Plaintiffs' eighth cause of action for violation of due process; (4) DENIED with respect to Plaintiffs' twelfth and thirteenth causes of action for violation of California civil rights statutes against City Defendants; and (5) GRANTED with respect to Plaintiffs' eleventh through eighteenth causes of action for state law violations against County Defendants.  Plaintiffs have until **February 28, 2011** to amend the pleadings in accordance with this Order.  Failure to do so will result in dismissal of the claims with prejudice.

**IT IS SO ORDERED**.

---

[10] The Court notes that Plaintiffs err in asserting that even if they failed to file a timely claim pursuant to CTCA requirements, this Court has jurisdiction to hear a petition for leave to file a late claim.  California courts have consistently held that "when an application to file a late claim is not filed within one year, the court is without jurisdiction to grant relief [under CTCA]." *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1779, 39 Cal. Rptr. 2d 860 (1995); *see also County of Los Angeles v. Superior Court*, 91 Cal. App. 4th 1303, 1313, 111 Cal. Rptr. 2d 471 (2001) (holding that a trial court has no discretion to extend the filing deadline when the submission of the claim is filed one year after the cause of action).